# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TESHAE GALLON,<br><br>Defendant. | Case No. 2:11-cr-0334-APG-GWF<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>(ECF No. 284) |

Defendant Teshae Gallon moves to terminate her supervised release early. ECF No. 284. The Probation Office opposes and the United States Attorney has not filed a response.

Modification of supervised release is governed by 18 U.S.C. § 3583(e). Under that statute, I first must consider "the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." After examining the section 3553 factors, I may terminate supervised release "if [I am] satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Ms. Gallon was convicted of brandishing a firearm in furtherance of a crime of violence. ECF No. 90. While Ms. Gallon was primarily the getaway driver for this crime, this obviously was a serious crime that warranted punishment. Moreover, there remains a need to provide Ms. Gallon adequate deterrence from committing crimes in the future. Her compliance with the terms of supervised release has not been stellar. According to her Probation Officer, on at least two occasions she came into contact with law enforcement without reporting it, as required under her conditions of supervision. She has associated with other criminals, she has been charged with two crimes (one of which apparently was dismissed), and she has repeatedly changed residences without timely notifying her probation officer.

To her credit, Ms. Gallon has successfully completed mental health counseling and her drug testing reveals her to be drug-free. I applaud and encourage her continued efforts. However, even if her violations are considered technical—which I do not necessarily agree with—"[m]ere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination." *United States v. Grossi*, No. CR-04-40127 DLJ, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011) (citations omitted).

> [E]ven perfect compliance with conditions of release does not qualify as "exceptionally good behavior" warranting early termination. . . . "Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.". . . In *United States v. Medina*, the court found that though defendant's "post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule." 17 F.Supp.2d 245, 247 (S.D.N.Y. 1998). Therefore, a defendant must show something "of an unusual or extraordinary nature" in addition to full compliance.

*United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (citations omitted). No such unusual or extraordinary circumstance has been shown here.

Ms. Gallon's request for early termination is based primarily on her desire to move to California. ECF No. 284 at 3:2-4 ("Her early termination request would permit her to move the California (the Bay area) . . . ."). But the terms of her supervised release do not prevent her from moving there with the permission of the Probation Office. Transfers of supervision between districts is not uncommon. It appears that Ms. Gallon's relocation is being blocked by her own behavior (incurring new criminal charges) and her failure to provide the Probation Office a relocation residence plan. The present circumstances do not justify early termination of supervised release. Therefore, Ms. Gallon's motion **(ECF No. 284) is DENIED**.

Dated: July 11, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE